UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

    -against-

HENRY KANAGBOU,

                           Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

13-CR-667 (ENV)

**VITALIANO, D.J.**

On November 25, 2014, defendant Henry Kanagbou was convicted on one count of conspiracy to possess cocaine with intent to distribute and one count of attempted possession of cocaine with intent to distribute. *See* 21 U.S.C. §§ 846, 841(b)(1)(C). On the remaining count, the jury found Kanagbou not guilty of conspiracy to import cocaine. *See* 21 U.S.C. §§ 963, 960(b)(3). Presently before the Court is defendant's renewed Rule 29 motion for a judgment of acquittal as to the two counts of conviction. Defendant sought, but later declined, the opportunity to submit formal post-trial briefing. With neither side submitting briefing, both stand on the arguments made orally on the record at trial. For the reasons that follow, defendant's motion is denied.

1

## Discussion

Defendant, in challenging a conviction on the basis of insufficient evidence, bears a heavy burden. *See United States v. Thomas*, 377 F.3d 232, 237 (2d Cir. 2004); *United States v. Tocco*, 135 F.3d 116, 123 (2d Cir. 1998); *United States v. Russo*, 74 F.3d 1383, 1395 (2d Cir. 1996). Upon Rule 29 review, the evidence must be viewed in the light most favorable to the government, and all permissible inferences must be drawn in its favor. *See United States v. Irving*, 452 F.3d 110, 117 (2d Cir. 2006); *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004); *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996). A district court must also accord deference to the jury on any resolution of witness credibility or as to inferences they drew or declined to draw. *Tocco*, 135 F.3d at 123. If "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," then the conviction must be sustained. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997). Additionally, the evidence must be considered in its totality, not in isolation, and the elements of the crimes charged may be established entirely by circumstantial evidence. *See United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994); *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993).

The crux of defendant's argument made, properly, at the close of the government's case was that the prosecution "did not present sufficient evidence .... with respect to [defendant's] knowledge." (T. at 789:2-10).[1] Renewing that motion at the close of the entire case, defense counsel elaborated that "the [g]overnment failed to provide and present sufficient evidence to establish the crucial element of knowledge, and also intention based on that knowledge, to enter a drug conspiracy as charged." (T. at 797:2-7). The government, in response, observed that "[a]ll the elements of the crime are conceded by the defendant, except for knowledge," and, it argued, that Kanagbou's knowledge was inferable from more than ample record evidence. (T. at 789:14-17).

Doubtless, both counts of conviction require proof that Kanagbou was "knowingly" conspiring to possess and actually attempting to possess cocaine for the purpose of distribution. *See* 21 U.S.C. §§ 841(a)(1), 846. Bedrock for conviction on these charges is proof that the defendant knew that narcotics trafficking was the object of his conduct. *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010) (citing *United States v. Lorenzo*, 534 F.3d 153, 160-62 (2d Cir. 2008); *United States v. Rodriguez*, 392 F.3d 539, 535 (2d Cir. 2004)). Mimicking Kanagbou's defense at trial, the essence of the Rule 29 motion was

---

[1] Citations to the trial transcript are designated as "T."

the absence of direct proof that Kanagbou knew narcotics trafficking was the object of his travel to the Green Acres Mall, much less that he had conspired and attempted to possess cocaine. In an unarticulated, but thinly-disguised, ploy, Kanagbou sought to shift the jury's attention to the defense's theory that Kanagbou was involved in a cellular phone transaction. (T. at 204:14-17, 209:14-17, 334:10-336:10, 481:11-483:14, 839:7-840:7).

But, direct proof of Kanagbou's knowledge is not required. Manifestly, "'both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence.'" *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) (quoting *United States v. Stewart*, 485 F.3d 666, 671 (2d Cir. 2007)); *accord United States v. MacPherson*, 424 F.3d 183, 189-90 (2d Cir. 2005) (compiling cases that recognize that circumstantial evidence, by itself, can demonstrate guilty knowledge and intent). "Nevertheless, where the [g]overnment seeks to prove a fact that is also an element of the offense by circumstantial evidence, [the court] must . . . be satisfied that the inferences are sufficiently supported to permit a rational juror to find that the element, like all elements, is established beyond a reasonable doubt." *United States v. Friedman*, 300 F.3d 111, 124 (2d Cir. 2002) (citation and internal quotation marks omitted). The government's proof to that effect in this case is more

than sufficient; it is abundant.

As noted earlier, on a Rule 29 motion, the evidence, in totality, must be viewed in the light most favorable to the government, meaning most favorable to the jury's finding of guilt. *United States v. Eppolito*, 542 F.3d 25, 28 (2d Cir. 2008). The government, plainly, offered classic proof from a fairly cut and dry controlled delivery case: testimony of a cooperating witness, Marlon Myers (an accomplished swallower of cocaine pellets intercepted at John F. Kennedy International Airport); testimony of the lead investigating agent to describe the controlled delivery and arrest; recorded telephone conversations; proof of Kanagbou's travel from Maryland to the place of rendezvous; text messages; the actual cocaine pellets expelled by Myers; and Kanagbou's admissions to establish that he was traveling to the rendezvous place, where he ultimately received from Myers a package that contained the dummy cocaine pellets. (T. at 115:18-117:19; 121:7-124:20; 130:22-135:2; 145:3-14; 151:2-9, 171:16-173:13, 227:14-21, 245:14-252:7, 294:11-295:9, 478:1-6, 481:11-482:18, 507:3-10, 659:7-20). Devastatingly, the evidence established that Myers had made multiple drug courier trips where he made contact with Kanagbou in the course of delivering cocaine pellets. (T. at 115:18-117:19, 122:1-24, 124:2-13, 128:10-12, 132:8-133:16, 134:14-135:2). The evidence also showed that Kanagbou had been in contact with "Dennis," whom Meyers

5

identified as one of the orchestrators of the scheme. (T. at 125:7-128:12, 142:5-24). Myers testified that the relatively small dummy package, received in evidence as Government's Exhibit 32, contained approximately 130 "pieces" or "pellets". A rational jury could properly (and easily) infer, from the totality of the proof, that Kanagbou had conspired to, and was attempting, to possess cocaine in sale quantity and, therefore, with intent to distribute it.

That different jurors may have credited the alternative explanation alluded to by the defense (that Kanagbou was engaged in a transaction involving cellular phones and not cocaine) is immaterial. What is material is that, viewing the evidence in the light most favorable to the government, that is, in accordance with the jury's verdict, *Eppolito*, 543 F.3d at 28, there was unquestionably a rational basis for a rational jury to infer that Kanagbou knew cocaine was the object of his dealings and that he had joined a conspiracy to traffic in cocaine and that he was traveling from Maryland to the Green Acres Mall in Valley Stream, Long Island to pick up narcotic drugs. What he did not know was that Myers would become a cooperating witness. As to both counts of conviction, it is clear, the government sustained its burden at trial and Kanagbou has failed to sustain his on his Rule 29 motion.

## Conclusion

For the foregoing reasons, defendant's motion for judgment of acquittal, pursuant to Rule 29, is denied in its entirety.

Dated:    Brooklyn, New York
           March 10, 2015

/S/ USDJ VITALIANO
_____
ERIC N. VITALIANO
United States District Judge